

# IN THE
# Court of Appeals of Indiana



**FILED**
Jul 23 2026, 9:43 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

John O. Study,

*Appellant*

v.

Boone County Sheriff's Office and Anthony Harris,

*Appellees*

---

July 23, 2026

Court of Appeals Case No.
26A-CT-78

Appeal from the Putnam Circuit Court

The Honorable Matthew L. Headley, Judge

Trial Court Cause No.
67C01-2508-CT-27

---

**Opinion by Judge Brown**
Judges Bailey and Weissmann concur.

**Brown, Judge.**

John O. Study, pro se, appeals the Putnam Circuit Court's December 12, 2025 order to transfer venue. We reverse and remand.

**Facts and Procedural History**

On August 4, 2025, Study filed a complaint against Anthony Harris as the Sheriff of Boone County and the Boone County Sheriff's Office (together, "Defendants") in the Putnam Circuit Court under cause number 67C01-2508-CT-27 ("Cause No. 27"). He also filed a summons for each Defendant and directions to the clerk of the Putnam Circuit Court to serve the complaint and a summons upon each Defendant. On September 22, 2025, the court entered an order waiving Study's filing fee and directing the clerk to cause service of the complaint and summons to be made upon Defendants. On October 17, 2025, Study filed a motion inquiring about the status of the court's order directing the clerk to cause service upon Defendants. An entry on October 21, 2025, in the chronological case summary states: "Clerk Issues Copy of Complaint, Petition & Summons to Attorney General's Civil Division." Appellant's Appendix Volume II at 3.

On November 4, 2025, Study filed an "Emergency - 'Verified Motion'" asking why service had been made upon the Indiana Attorney General rather than upon Defendants as set forth in the summonses which he had provided to the clerk. *Id*. at 42. On November 10, 2025, the court issued an order which "Denied" Study's emergency motion. *Id*. at 46. On December 9, 2025, Study

filed an objection to service upon the Indiana Attorney General and requested that proper service be made upon Defendants. Study's objection stated:

> I sent a letter to the Indiana Attorney General's Office stating that this Court had in fact deemed the Indiana Attorney General as the appropriate office to serve, which in turn, they provided the following statement in a letter dated December 2, 2025:
>
> > "This office is not authorized, either by statute or by express consent, to accept service of process upon this Defendant. The Boone County Sheriff is not a state agency or entity, and this matter does not appear to involve the State of Indiana."

*Id*. at 49.

On December 12, 2025, the Putnam Circuit Court issued an order providing:

ORDER TO
TRANSFER TO PROPER VENUE

> Comes now the court, upon review of [Study's] complaint, notes that his complaint is against the Boone County Sheriff and the Boone County Sheriff's department. Pursuant to Ind. Trial Rule 75 and 12, court transfers cause to Boone County Clerk for proper court assignment.

*Id*. at 52.

On December 18, 2025, Study filed a motion for reconsideration "objecting to the Court's sua sponte decision to Change the Preferred-Venue from [his] County of where he is a resident currently and prior to incarceration." *Id*. at 53. Study cited Ind. Trial Rule 75(A)(5) and *Lake Holiday Conservancy v. Davison*, 808 N.E.2d 119 (Ind. Ct. App. 2004). He stated, "I am, and was, since 2006, a

resident of Putnam County, where bringing an action against a governmental organization, the 'Boone County Sheriff' and his 'Office', is appropriate." *Id.* at 54. On January 9, 2026, Study filed a notice of appeal.[1]

## Discussion

Before addressing Study's arguments, we note that Defendants have not filed an appellees' brief. When an appellee does not submit a brief, we may reverse if the appellant establishes prima facie error. *Bixler v. Delano*, 185 N.E.3d 875, 877-878 (Ind. Ct. App. 2022). Prima facie is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Graziani v. D & R Const.*, 39 N.E.3d 688, 690 (Ind. Ct. App. 2015)).

Study argues that the Putnam Circuit Court erred in transferring his case to Boone County. He states: "It is my belief that Putnam County is the 'Preferred Venue' as I was a resident in 2006 through 2007 until my arrest, and have continuously resided in Putnam County since January 2023." Appellant's Brief

---

[1] Cause number 06C01-2512-CT-2480 ("Cause No. 2480") was opened in the Boone Circuit Court. An entry in the chronological case summary for Cause No. 2480 on December 18, 2025, states, "This case was received from Putnam County," and an order entered on January 13, 2026, states:

> The Court receives and reviews Notice Of Appeal filed on January 9, 2026, under Cause No. 26A-CT-00078, appealing Order To Transfer to Proper Venue dated December 12, 2025, under [Cause No. 27]. The Court in Boone County takes no action on the transferred case due to the pending appeal.

January 13, 2026 Order, Cause No. 2480. Study's notice of appeal lists both Cause No. 27 and Cause No. 2480 in its caption and specifies the Putnam Circuit Court's December 12, 2025 order as the order being appealed.

at 8. He further argues that Defendants did not file a request to dismiss under Ind. Trial Rule 12(B)(3) and that no service of process was accomplished.

[8] In *Strozewski v. Strozewski*, this Court stated:

> Indiana Trial Rule 75 provides that, "[a]ny case may be venued, commenced and decided in any court in any county." Ind. Trial Rule 75(A). However, if a party files a pleading or a motion to dismiss pursuant to Trial Rule 12(B)(3),[2] the trial court shall order the case transferred to a county or court selected by the party filing such motion or pleading if the trial court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. T.R. 75(A). The trial rule lists several criteria under which preferred venue can lie. T.R. 75(A)(1)-(10). The rule does not create a priority among these subsections establishing preferred venue. *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011). Preferred venue may lie in more than one county, and if an action is filed in a county of preferred venue, change of venue cannot be granted. *Id.*

36 N.E.3d 497, 500 (Ind. Ct. App. 2015).

[9] Ind. Trial Rule 75(A) provides:

> Preferred venue lies in:
>
> > (1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no

---

[2] Ind. Trial Rule 12(B) provides, "the following defenses may be made by motion: . . . (3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75[.]"

such greater percentage, the place where any individual defendant so named resides; or

\* \* \* \* \*

(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint[.]

[10] Here, Defendants did not file a pleading or a motion to dismiss pursuant to Trial Rule 12(B)(3). Indeed, the record appears to show that, despite Study's requests, the clerk of the Putnam Circuit Court did not cause service of the complaint and summonses submitted by Study to be made upon Defendants. Further, the Boone County Sheriff's Office, a governmental organization, is included as a defendant in Study's complaint, and Study stated, "I am, and was, since 2006, a resident of Putnam County." Appellant's Appendix Volume II at 54. Under Ind. Trial Rule 75(A)(5), Putnam County constitutes a county of preferred venue. *See Lake Holiday Conservancy v. Davison*, 808 N.E.2d 119, 122 (Ind. Ct. App. 2004) ("On its face, this subsection [Ind. Trial Rule 75(A)(5)] establishes that Marion County is a preferred venue for this cause of action. It provides for three possible venues whenever a governmental organization is named as a defendant in a complaint: an individual plaintiff's county of residence, or the county where the governmental organization's principal office is located, or if a claim relates to something arising at a specific, non-principal office of a governmental organization, then the county where that office is

located. Lake Holiday, a governmental organization, is included as a defendant in Davison's complaint; Davison is an individual plaintiff and resides in Marion County. Marion County is a preferred venue under the plain language of Rule 75(A)(5)."). Although preferred venue may lie in more than one county, if an action is filed in a county of preferred venue, change of venue cannot be granted. *See Strozewski*, 36 N.E.3d at 500 (plaintiff filed action in a county of preferred venue and thus denial of defendant's motion to transfer venue was proper); *see also In re Adoption of E.S.J.*, 219 N.E.3d 780, 783 (Ind. Ct. App. 2023) (where appellants filed petition in a county of preferred venue, change of venue may not be granted).

Based on the record, we conclude that Study has demonstrated prima facie error. For the foregoing reasons, we reverse the Putnam Circuit Court's December 12, 2025 order transferring venue to Boone County and remand for further proceedings, including, if not already completed, service of the complaint and a summons upon Defendants.

Reversed and remanded.

Bailey, J., and Weissmann, J., concur.

APPELLANT PRO SE
John O. Study
Greencastle, Indiana

ATTORNEY FOR APPELLEES

Christopher D. Cody
Travelers Staff Counsel Indiana
Indianapolis, Indiana